UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHAWN TELLADO,
      Petitioner,

      v.

UNITED STATES OF AMERICA,
      Respondent.

No. 3:15-cv-1624 (SRU)
No. 3:06-cr-269 (SRU)

## RULING AND ORDER

In 2007, Shawn Tellado pleaded guilty to conspiracy to possess with the intent to

distribute 500 grams or more of cocaine. He did not file a direct appeal, but in 2009 he filed a

motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. That motion was

denied on the grounds that he had waived the right to collaterally attack his conviction in his plea

agreement and additionally had filed the motion outside the one-year limitation period under the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255(f). *See*

*Tellado v. United States*, 799 F. Supp. 2d 156 (D. Conn. 2011). The Second Circuit affirmed that

decision, holding that "Tellado knowingly waived his rights to attack collaterally his sentence"

when he entered his guilty plea and the "district court did not abuse its discretion when it denied

Tellado's claim to amend his petition to plead ineffective assistance of counsel." *Tellado v.*

*United States*, 745 F.3d 48, 50 (2d Cir. 2014). Tellado did not seek permission from the Second

Circuit to file a successive motion attacking his judgment and sentence. Instead, he filed this

motion under 28 U.S.C. § 1651 stylized as a "Writ of Error Audita Querela."

The writ of *audita querela* is a fourteenth century writ "initially used by judgment

debtors against creditors where the debtors had paid the debt and the creditors still tried to press

the claims." Ira P. Robbins, *The Revitalization of the Common-Law Civil Writ of Audita Querela*

*as a Post-Conviction Remedy in Criminal Cases: The Immigration Context and Beyond*, 6 Geo. Immigr. L.J. 643, 645 (1992). It is an unusual and extraordinary remedy that is only available when "the absence of any avenue of collateral attack would raise serious constitutional questions." *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007). It may not be used simply to challenge a conviction or sentence with arguments that could have been raised in a section 2255 motion, *Persico v. United States*, 418 F. App'x 24, 25–26 (2d Cir. 2011) (summary order), nor when "a petitioner is precluded from raising his or her claims in a successive § 2255 motion because a previous § 2255 motion was denied on the merits." *Id.* at 26 (citing *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079–80 (9th Cir. 2001)).

Tellado asserts that his petition is not brought under section 2255, but he does not explain how it can be construed otherwise. In fact, the petition is a straightforward attempt to collaterally attack the validity of his conviction and sentence, and, however styled, it is thus properly made only under section 2255. Because he has already unsuccessfully made such a motion, I cannot entertain this one unless he is granted leave from the Second Circuit to make a second or successive petition. The motion is therefore denied, and Tellado can re-file it only if he receives such leave. The Clerk shall close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 7th day of July 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

2